ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| TOMMY RODRÍGUEZ SANTIAGO<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrido | TA2025RA00149 | *Revisión Administrativa* procedente del Departamento de Corrección y Rehabilitación<br><br>Caso Núm.: GMA1000-225-25<br><br>Sobre: Solicitud de remedio administrativo |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y la Jueza Prats Palerm.

Prats Palerm, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 18 de agosto de 2025.

Comparece Tommy Rodríguez Santiago ("señor Rodríguez Santiago" o "Recurrente"), por derecho propio y en forma *pauperis*, quien solicita la revisión de una Respuesta, emitida el 22 de abril de 2025 y notificada el 3 de junio de 2025, por el Departamento de Corrección y Rehabilitación ("DCR" o "Recurrido").

Por los fundamentos que anteceden, se *desestima* el recurso ante nuestra consideración por falta de jurisdicción.

**I.**

Conforme surge del expediente, tras un altercado con un oficial del DCR, el 19 de febrero de 2025, el señor Rodríguez Santiago presentó una Solicitud de Remedio Administrativo. El 22 de abril de 2025, notificada el 3 de junio de 2025, el DCR emitió una Respuesta. En virtud del referido dictamen, la recurrida expresó que estaría dialogando con las partes involucradas sobre lo expuesto por el recurrente.

Insatisfecho, el 5 de junio de 2025, el recurrente instó una Solicitud de Reconsideración, la cual fue denegada mediante Respuesta emitida el 2 de julio de 2025, notificada el 8 de julio de 2025. Inconforme aún, el 8 de

agosto de 2025, el señor Rodríguez Santiago acudió ante esta Curia, por derecho propio y en forma *pauperis*, mediante un recurso de revisión administrativa. Conforme surge del escueto escrito, el recurrente se encuentra inconforme con la determinación emitida por el DCR.

Examinado el recurso, optamos por prescindir de los términos, escritos y procedimientos ulteriores "con el propósito de lograr su más justo y eficiente despacho". Regla 7 (B)(5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 13, 215 DPR __ (2025).

## II.

### -A-

Es deber ministerial de todo tribunal, cuestionada su jurisdicción por alguna de las partes o incluso cuando no haya sido planteado por estas, examinar y evaluar con rigurosidad el asunto jurisdiccional, pues este incide directamente sobre el poder mismo para adjudicar una controversia. *Ruiz Camilo v. Trafon Group, Inc.*, 200 DPR 254, 268 (2018). Por consiguiente, si un tribunal, luego de realizado el análisis, entiende que no tiene jurisdicción sobre un recurso, sólo tiene autoridad para así declararlo. De hacer dicha determinación de carencia de jurisdicción, el tribunal debe desestimar la reclamación ante sí sin entrar en sus méritos. Lo anterior, basado en la premisa de que, si un tribunal dicta sentencia sin tener jurisdicción, su decreto será jurídicamente inexistente o *ultravires. Cordero et al. v. ARPe et al.*, 187 DPR 445, 447 (2012).

Cónsono con lo anterior, la Regla 83 del Reglamento del Tribunal de Apelaciones, confiere facultad a este Tribunal, por iniciativa propia o a petición de parte, desestimar un recurso de apelación o denegar un auto discrecional cuando este foro carece de jurisdicción. Regla 83 del Reglamento del Tribunal de Apelaciones, *op. cit.*, pág 109.

**-B-**

Como es sabido, "[l]a apelación en nuestro sistema no es automática; presupone una notificación, un diligenciamiento y su perfeccionamiento". *Morán v. Marti*, 165 DPR 356, 367 (2005).

En lo aquí pertinente, el Reglamento del Tribunal de Apelaciones dispone que los recursos de revisión administrativa deberán presentarse dentro del término jurisdiccional de treinta (30) días, contados a partir de la fecha del archivo en autos de la notificación de la determinación final del organismo o agencia. Regla 57 del Reglamento de Tribunal de Apelaciones, *op. cit.*, pág. 79.

Así, también, nuestro Reglamento regula todo lo relacionado al contenido de los recursos de revisión. La Regla 59 establece que el escrito deberá contener: (1) una cubierta; (2) un índice; (3) un cuerpo; y (4) un apéndice. Regla 59 del Reglamento del Tribunal de Apelaciones, *op. cit.*, págs. 81-85. De manera particular, la aludida regla especifica que el cuerpo del escrito tendrá que incluir lo siguiente:

(C) Cuerpo

(1) Todo recurso de revisión tendrá numeradas, en el orden aquí dispuesto, las partes siguientes:

(a) En la comparecencia, el nombre de los recurrentes.

(b) Las citas de las disposiciones legales que establecen la jurisdicción y la competencia del tribunal.

(c) Una referencia a la decisión, reglamento o providencia administrativa objeto del recurso de revisión, la cual incluirá el nombre y el número del caso administrativo, el organismo o la agencia o funcionario o funcionaria que la dictó, la Región Judicial correspondiente, la fecha en que fue dictada y la fecha en que se archivó en autos copia de su notificación a las partes. También, una referencia a cualquier moción, resolución u orden mediante las cuales se haya interrumpido y reanudado el término para presentar el recurso de revisión.

[...]

(d) Una relación fiel y concisa de los hechos procesales y de los hechos importantes y pertinentes del caso.

(e) Un señalamiento breve y conciso de los errores que a juicio de la parte recurrente cometió el organismo, agencia o funcionario recurrido o funcionaria recurrida.

(f) Una discusión de los errores señalados, incluyendo las disposiciones de ley y la jurisprudencia aplicables.

(g) La súplica.

En reiteradas ocasiones, el Tribunal Supremo ha manifestado que las normas sobre el perfeccionamiento de los recursos apelativos deben observarse rigurosamente. *García Ramis v. Serrallés*, 171 DPR 250 (2007), *Arriaga v. F.S.E.*, 145 DPR 122 (1998). Sobre el particular, nuestra más alta Curia ha expresado que:

> El apelante tiene, por lo tanto, la obligación de perfeccionar su recurso según lo exige la ley y el Reglamento del Tribunal de Apelaciones, para así colocar al foro apelativo en posición de poder revisar al tribunal de instancia. Si no se perfecciona un recurso dentro del término jurisdiccional provisto para ello, el foro apelativo no adquiere jurisdicción para entender en el recurso presentado.
>
> *Morán v. Marti, supra*, pág. 367.

**Las partes que comparecen por derecho propio no están exentas del cumplimiento de estas normas, puesto que el carácter de su comparecencia, por sí sola, no justifica el incumplimiento con las reglas procesales.** (Énfasis suplido). *Febles v. Romar*, 159 DPR 714, 722 (2003).

**III.**

Al evaluar el expediente ante nuestra consideración, concluimos que carecemos de jurisdicción para atender el recurso presentado por el señor Rodríguez Santiago.

Mediante el recurso que nos ocupa, el recurrente se limitó a exponer que, tras una Solicitud de Remedio Administrativo presentada el 19 de febrero de 2025, el DCR dictó una Respuesta. Entre las múltiples faltas cometidas por el señor Rodríguez Santiago, este no expuso una relación fiel y concisa de los hechos del caso y tampoco señaló ni discutió los errores presuntamente cometidos por el DCR. Ante ello, no nos colocó en posición para atender su reclamo.

El recurrente crasamente incumplió con el Reglamento del Tribunal de Apelaciones, *supra*. A la luz de las disposiciones normativas reseñadas, nos vemos obligados a desestimar el presente recurso.

## IV.

Por los fundamentos que anteceden, se *desestima* el recurso ante nuestra consideración por falta de jurisdicción.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones